IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| v. § | No. 3:15-CR-221-O(1) |
| § | |
| RANDY DEWAYNE PITTMAN, § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Randy Dewayne Pittman's ("Pittman") *Motion to Reduce Sentence and/or Terminate Term of Supervised Release 18 U.S.C. § 3582*, received on March 27, 2020. ECF No. 113. After considering the motion and the relief sought by Pittman, the Court denies the motion.

**I.     BACKGROUND**

On November 4, 2015, Pittman pled guilty to one count of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). *See* ECF Nos. 36, 88. He was sentenced to 51 months' imprisonment, to be followed by a three-year term of supervised release. *See* ECF No. 88. His conviction and sentence were affirmed by the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit"). *See* ECF Nos. 96, 97.

On April 3, 2018, while still serving his sentence of imprisonment, Pittman filed a motion for relocation of his supervised release from the Northern District of Texas to the Northern District of Georgia. *See* ECF No. 92. The Court denied the motion because it was premature. *See* ECF No. 93. The United States Probation Office ("USPO") subsequently approved the Northern District of Alabama for the location of Pittman's supervised release, and on June 4 and June 11, 2019, Pittman filed two motions seeking to relocate his supervised release to the Northern District of Georgia. *See* ECF Nos. 106, 108. A hearing on Pittman's motions was held on June 24, 2019,

during which Pittman voluntarily withdrew his request to transfer the location of his supervised release to the Northern District of Georgia. *See* ECF No. 111.

In his current motion, Pittman requests the termination of the remainder of his term of supervised release under 18 U.S.C. § 3582 so that he may immediately relocate to the Northern District of Georgia to exercise his child custody rights. *See* ECF No. 113. The government did not file a response.

## II. ANALYSIS

A district court does not have inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). However, the "Sentencing Reform Act of 1984 modified existing sentencing standards to allow federal courts to reduce defendants' sentences for 'extraordinary and compelling reasons,' a process often referred to as 'compassionate release.'" *United States v. Ennis*, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020). The compassionate release provision is set forth in § 3582(c)(1)(A).[1] The Fifth Circuit, addressing the scope of related subsection § 3582(c)(2), recognized that § 3582(c)(2) "only

---

[1] Section 3582(c)(1)(A) provides, in relevant part:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

provides for the modification of a term of imprisonment, not supervised release." *United States v. Boston*, 419 F. App'x 505, 506 (5th Cir. 2011) (per curiam).  Applying the reasoning of *Boston* here, the express terms of § 3582(c)(1)(A) provide only for a reduction of a term of imprisonment, and not for a reduction of a term of supervised release.  *See id.*; 18 U.S.C. § 3582(c)(1)(A).  Because Pittman is no longer serving a term of imprisonment, he is not entitled to compassionate release under § 3582(c)(1)(A) and his motion is denied.

Pittman's motion is also denied to the extent it can be liberally construed as a motion requesting early termination of supervised release under 18 U.S.C. § 3583(e)(1).  *See United States v. Booker*, 645 F.3d 328, 328 (5th Cir. 2011) (per curiam) ("Any termination of supervised release must be sought by a motion under 18 U.S.C. § 3583(e)(1).")  Under § 3583(e)(1), a court may, after considering several factors set forth in 18 U.S.C. § 3553(a), "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1); *see also United States v. Johnson*, 529 U.S. 53, 60 (2000).  Section 3583(e)(1) "confers broad discretion" on the district court.  *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998).  Where, as here, the relief sought is favorable to the defendant and would not extend the term of his supervised release, and the government has received notice of the request, has had a reasonable opportunity to object to the request, and has declined to do so, a hearing is not required.  *See* 18 U.S.C. § 3583(e)(1); Fed. R. Crim. P. 32.1(c)(2); *United States v. Hartman*, No. 3:00-cr-228-B(01), 2013 WL 524257, at *2-3 (N.D. Tex. Jan. 18, 2013).

Here, Pittman argues that he is entitled to early termination of his supervised release because: (1) the Social Security Administration has determined that he is permanently disabled due to an incurable blood disease; (2) the USPO's denial of his request to transfer the location of his supervised release to the Northern District of Georgia was based on false allegations made to the USPO by his ex-wife and her counsel; (3) he is compliant with the terms of his supervised release as of March 22, 2020; (4) he is currently in a toxic environment residing at his mother's home and was previously told he could not move from his mother's home or relocate to the Northern District of Texas; (5) he served more than his federal sentence in custody[2]; and (6) he was not provided with the opportunity to transition to a Residential Re-Entry Center prior to his release from federal custody. *See generally* ECF No. 113.

The reasons provided for early termination of supervised release do not demonstrate any conduct by Pittman that would warrant early termination of supervised release; Pittman instead seeks relief primarily based on his circumstances and the alleged conduct of others. *See* 18 U.S.C. § 3583(e)(1) (stating that the court must be satisfied that early termination is "warranted by the *conduct of the defendant*.") (emphasis added).  Nor do Pittman's proffered reasons demonstrate "any exceptional circumstances to justify the Court's exercise of its discretion to terminate his supervised release early or any circumstances that render his term or conditions of release either too harsh or inappropriately tailored to serve Section 3553(a)'s goals." *Hartman*, 2013 WL 524257, at *3; *see also United States v. Guidry*, No. 3:19-cr-332-S, 2020 WL 908542, at *1 (N.D. Tex. Feb. 13, 2020) ("Caselaw is also consistent in that early termination is discretionary and is warranted only in cases where the defendant shows changed circumstances, such as exceptionally

---

[2] Although Pittman claims he did not receive "due jail credit," and "served more than his federal sentence in custody," he did not seek habeas corpus relief under 28 U.S.C. § 2241 for alleged time credit he was owed or to challenge the Bureau of Prisons' ("BOP") calculation of his sentence. ECF No. 113 at 5.

4

good behavior.") (quoting *United States v. Jones*, Crim. A. No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013)). Neither his disability status due to a blood disease nor his disagreements with the decisions of the USPO or BOP implicate the rehabilitation and reintegration purposes of the § 3553(a) factors. Additionally, his conditions of supervised release do not preclude him from changing his residence. *See* ECF No. 88 at 2-3. Pittman's claim that he is compliant with the terms of his supervised release, even if true, "establishes only that he has complied faithfully with the conditions of his supervised release . . . which does not, by itself, justify early termination." *Hartman*, 2013 WL 524257, at *3. And, contrary to his claim of compliance, Pittman violated the terms of his supervised release on June 19, 2019, when he was arrested by state authorities for distribution of a controlled substance. *See* ECF No. 112.

Given Pittman's June 19, 2019 violation of the terms of his supervised release less than one month after his release from federal custody, his criminal history as set forth in the presentence investigation report, and the lack of exceptional or changed circumstances to warrant early termination of supervised release, the Court finds that Pittman's term of supervised release shall remain in effect in the interest of justice, considering § 3553(a) factors for deterrence of future criminal conduct and the safety of the community. Accordingly, Pittman's motion, liberally construed under § 3583(e)(1), is denied.

### III.   CONCLUSION

Pittman's *Motion to Reduce Sentence and/or Terminate Term of Supervised Release 18 U.S.C. § 3582* is **DENIED**.

**SO ORDERED** this 9th day of November, 2020.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**